# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Exelco North America, Inc., | : | Chapter 11 |
| Debtor. | : | |
| Exelco North America, Inc., | : | |
| Appellant, | : | |
| v. | : | C. A. No. 17-1852-GMS |
| | : | BK No. 17-12029-KG |
| US Trustee, et al., | : | BAP 17-47 |
| Appellee. | : | |
| In re: Exelco NV, | : | Chapter 11 |
| Debtor. | : | |
| Exelco North America, Inc., | : | |
| Appellant, | : | |
| v. | : | C. A. No. 17-1853-GMS |
| | : | BK No. 17-12030-KG |
| US Trustee, et al., | : | BAP 17-48 |
| Appellee. | : | |

| | | |
|---|---|---|
| In re: Exelco NV, | : | Chapter 11 |
| Debtor. | : | |
| FTK Worldwide Manufacturing BVBA, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 17-1854-GMS |
| | : | BK No. 17-12031-KG |
| US Trustee, et al., | : | BAP 17-49 |
| Appellee. | : | |
| In re: Exelco NV | : | Chapter 11 |
| Debtor. | : | |
| Exelco NV, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 17-1858-GMS |
| | : | BK No. 17-12409-KG |
| Frans De Roy et al, | : | BAP 17-52 |
| Appellee. | : | |
| In re: Ideal Diamond Trading Limited, | : | Chapter 11 |
| Debtor. | : | |
| Ideal Diamond Trading Limited, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 17-1856-GMS |
| | : | BK No. 17-12202-KG |
| US Trustee, et al., | : | BAP 17-51 |
| Appellee. | : | |

# **RECOMMENDATION**

At Wilmington this **2nd** day of **February, 2018**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

A motion to dismiss these appeals was filed appellee KBC Bank on January 24, 2018 based on lack of standing. It contends appellants have no authority to mediate or to act in any capacity. Therefore, KBC Bank does not believe mediation would be worthwhile until a decision is issued on its motion to dismiss.

The U.S. Trustee, although willing to participate if other parties believe mediation would be beneficial, contends that the Bankruptcy Court did not abused its discretion by dismissing appellants' cases.

Appellees The Belgium Trustees maintain that the issues involved on appeal are not conducive to mediation and intend to file a motion to dismiss the appeals with respect to Exelco and FTK. It contends that no mediation should be scheduled until after all motions to dismiss are decided.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F̱ed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge